## H. P. LAMBERT Co. v. UNITED STATES

**No. 4992.**—Invoice dated Amotfors, Sweden, November 22, 1938.
　　　　　Certified November 25, 1938.
　　　　　Entered at Boston, Mass., December 21, 1938.
　　　　　Entry No. 6866.

(Decided August 27, 1940)

*Henry L. Ziegel* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel, subject to the approval of the Court, as follows:

That the issue involved in the above-mentioned reappraisement appeal is the same in all material respects as the issue involved in the case of *Arkell Safety Bag Co.* v. *United States*, Reappt. Dec. 4670, dated November 3, 1939;

That the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Sweden for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed for shipment to the United States, is the invoice values, less 2 per cent cash discount, less nondutiable charges;

That the proper basis of appraisal of the merchandise is the export value;

That there was no higher foreign value for the merchandise herein at the time of exportation;

That the record in *Arkell Safety Bag Co.* v. *United States*, Reappt. Dec. 4670, may be incorporated into the record in this case, the merchandise therein and the merchandise in the case at bar being the same in all material respects; and

That this reappraisement appeal may be submitted for decision upon this stipulation and the respective records.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that,

such values are the invoice values, less 2 per centum cash discount, less nondutiable charges. Judgment will be rendered accordingly.